UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDY C. OLMEDA, | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | |
| | § | NO. 14-1904 |
| vs. | § | |
| | § | |
| CAMERON INTERNATIONAL | § | SECTION F |
| CORPORATION, PMG, INC., | § | |
| d/b/a a/k/a PERSONAL MANAGEMENT | § | |
| GROUP d/b/a a/k/a PMG, BILLY PEREZ | § | JUDGE: MARTIN L.C. FELDMAN |
| and SCOTT CARRINGTON | § | |
| | § | |
| Defendants. | § | MAGISTRATE: MICHAEL NORTH |

### DEFENDANT CAMERON INTERNATIONAL CORPORATION'S MOTION FOR SUMMARY JUDGMENT

Defendant Cameron International Corporation (hereinafter "Cameron") respectfully moves the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment dismissing all of Plaintiff Andy C. Olmeda's claims against Cameron with prejudice.

In this employment case, Plaintiff has sued Cameron International Corp. ("Cameron") and others alleging various causes of action primarily rooted in a shooting incident that occurred away from the workplace on the weekend. Plaintiff brings the following claims against Cameron:

1. Vicarious liability for assault and battery under La. Civ. Code art. 2315 and 2320;

2. Negligent screening, hiring, and supervision under La. Civ. Code art. 2315 and 2320;

3. Intentional and negligent infliction of emotional distress; and

4. Ethnic discrimination, harassment and retaliation under Title VII.

Cameron is entitled to judgment as a matter of law on and each and every one of Plaintiff's causes of action. More specifically, as the attached Memorandum in Support and Exhibits demonstrate, judgment should be entered in Cameron's favor for the following reasons:

1. Cameron is not vicariously liable for the intentional torts because the employees were not acting within the course and scope of their employment when the tort was committed.

2. Cameron is entitled to summary judgment with respect to Plaintiff's negligence claims because (a) they are precluded by the worker's compensation bar, (b) alternatively, Plaintiff cannot establish that Cameron owed a duty to Plaintiff, and (c) alternatively, the employees' intoxicated state was the cause in fact of Plaintiff's harm.

3. Plaintiff's intentional infliction of emotional distress claim fails because Plaintiff cannot show that Cameron desired or knew that the harm facing Plaintiff was substantially certain to result.

4. Plaintiff cannot establish a *prima facie* case of race/ethnic discrimination or retaliation. Even if he could, Plaintiff cannot demonstrate that Cameron's legitimate nondiscriminatory reason was a pretext for race/ethnic discrimination. Plaintiff's ethnic harassment or hostile work environment claim fails because any alleged workplace conduct about which he complains was neither severe nor pervasive. Additionally, Plaintiff failed to report the alleged harassment as required by law. Finally, Cameron engaged in prompt remedial action by terminating Carrington.

WHEREFORE, Cameron submits that based on the undisputed facts and the controlling Fifth Circuit and Louisiana authority, Plaintiff cannot establish a genuine issue of material fact with respect to any of his claims and Cameron is entitled to judgment as a matter of law. As a result, Cameron respectfully requests that the Court grant this Motion for Summary Judgment, dismiss all Plaintiff's claims against Cameron with prejudice, enter final judgment that Plaintiff take nothing from his suit against Cameron, and award Cameron the appropriate costs of Court.

                Respectfully submitted,

                *Drew B. Tipton*
                Drew B. Tipton
                Federal No. 18024
                Texas Bar No. 00791799
                811 Main Street, Suite 1100
                Houston, Texas 77002
                (713) 646-1348 Telephone
                (713) 751-1717 Facsimile

                **ATTORNEYS FOR CAMERON**
                **INTERNATIONAL CORPORATION**

Of Counsel

Baker Hostetler, LLP

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the above and foregoing pleading has been served upon all parties via ECF system and via U.S. mail, as listed below, this 2nd day of June, 2015.

**Via E-Mail: gcmcg@mac.com**
Glenn Charles McGovern, Esq.
GLENN C. MCGOVERN, ATTORNEY AT LAW
P. O. Box 516
Metairie, LA 70004
**Counsel for Plaintiff**

**Via E-Mail: shardy@mcsalaw.com**
Sidney Jay Hardy
McCranie, Sistrunk
909 Poydras Street, Suite 1000
New Orleans, LA 70112
**Counsel for PMG, Inc.**

**Via E-Mail: bhauswirth@wfjlawfirm.com**
Bradley D. Hauswirth
Wagner, Falconer & Judd, Ltd.
1700 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
**Counsel for PMG, Inc.**

Billy Perez
185 Elaine Street
Morgan City, LA 70380
*Pro Se*

Matthew Arthur Sherman, Esq. (mas@chehardy.com)
Preston Lee Hayes, Esq. (plh@chehardy.com)
CHEHARDY, SHERMAN, ELLIS, MURRAY,
RECILE, GRIFFITH, STAKELUM & HAYES
One Galleria Blvd., Ste. 1100
Metairie, LA 70001
**Counsel for Scott Carrington**

                                                *Drew B. Tipton*
                                                Drew B. Tipton