UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANDY C. OLMEDA, | § | CIVIL ACTION |
| | § | |
| Plaintiff, | § | |
| | § | NO. 14-1904 |
| vs. | § | |
| | § | |
| CAMERON INTERNATIONAL | § | SECTION F |
| CORPORATION, PMG, INC., | § | |
| d/b/a a/k/a PERSONAL MANAGEMENT | § | |
| GROUP d/b/a a/k/a PMG, BILLY PEREZ | § | JUDGE: MARTIN L.C. FELDMAN |
| and SCOTT CARRINGTON | § | |
| | § | |
| Defendants. | § | MAGISTRATE: MICHAEL NORTH |

### DEFENDANT CAMERON INTERNATIONAL CORPORATION'S RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE MSJ RULE DATES

Defendant Cameron International Corporation (hereinafter "Cameron") files this Response and Opposition to Plaintiff's Motion to Continue MSJ Rule Dates. For the reasons discussed *infra,* Cameron requests that the Court deny Plaintiff's Motion.

Plaintiff first claims that the submission date for the dispositive motions should be continued because his counsel is set for trial in another case starting the week of June 15, 2015. Under Local Rule 7.5 of the Eastern District of Louisiana, however, Plaintiff's Response is due on June 9, 2015, which is nearly a week before his anticipated trial. Put simply, once his opposition is filed on June 9, 2015, there is nothing for Plaintiff to prepare with respect to the Motion for Summary Judgment; much less anything to prepare the week the Motion is submitted. Accordingly, this ground is insufficient for the Court to continue the submission date for the instant motions.

It is important to note that Plaintiff has requested that the Court continue the submission date <u>to July 8, 2015</u>. This would prejudice the parties and impose an undue burden and expense on the Court and the parties because <u>the final pre-trial conference is set for July 10, 2015</u> – just two days after Plaintiff's requested submission date. Even if the Court were to rule during the intervening two day period, the parties would have already expended considerable time and resources on a Pre-Trial Notice that may not be necessary if the Court dismisses some or all of the claims. Further, the trial of this Civil Action is set for August 3, 2015, which leaves the Court with little time to consider the dispositive motions prior to the trial setting.

Alternatively, Plaintiff argues that the Court should continue the submission date for the dispositive motions because "all discovery is not completed in this case." (Dkt. No. 54 at 3). The foregoing must be construed as a request for relief under Rule 56(d) of the Federal Rules of Civil Procedure. Plaintiff has failed to comply with the requirements of Rule 56(d).

Rule 56(d) of the Federal Rules of Civil Procedure, formerly Rule 56(f), provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1)     defer considering the motion or deny it;

(2)     allow time to obtain affidavits or declarations or to take discovery; or

(3)     issue any other appropriate order.

First and foremost, Plaintiff did not show <u>anything</u> by affidavit or declaration as strictly and plainly required by Rule 56(d). As a result, any such request is procedurally defective and fatal. *Leza v. City of Laredo,* 496 Fed.Appx. 375, 377-78, 2012 WL 5295625, at *2 (5th Cir. Oct. 29, 2012) (affirming district court denial of Rule 56(d) motion because movant failed to present affidavit or declaration because "it is what Rule 56 requires."); *Douglas v. Renola Equity Fund II, LLC*, 2015 WL 2341890 (E.D.La. May 14, 2015) (denying a Rule 56(d) request because

"Plaintiffs have not provided the Court with an affidavit or declaration"). For this reason alone, the Court should deny Plaintiff's Motion to Continue the submission date.

Second, a Rule 56(d) motion may be denied if, as is the case here, a party had the opportunity to conduct discovery but did not diligently pursue it. *Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595, 606 (5th Cir. 2001) (affirming denial of continuance in part because the plaintiff had several months to take depositions and provided no adequate justification for her failure to do so); *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1442 (5th Cir. 1993) (affirming denial of continuance in part because "an explanation of why plaintiff had not been able to conduct merits discovery" was "[n]otably absent" from the request for a continuance).

In this case, the Preliminary Pre-Trial conference was held on December 18, 2014. Plaintiff knew that he needed to depose the corporate representatives for PMG and Cameron from the very beginning. Further, the unsworn phone interview Plaintiff's counsel attached to his Motion to Continue was taken on April 11, 2014. Again, Plaintiff knew about the need to obtain admissible testimony from Thomas Bragg prior to filing this Civil Action. There is no explanation for his failure to conduct the depositions he now seeks during the six month discovery period. Accordingly, Plaintiff has also failed to demonstrate that he has been diligent in obtaining the discovery he claims he needs under Rule 56(d) of the Federal Rules of Civil Procedure.

Finally, Plaintiff has chosen to wait until the Friday afternoon before his Tuesday response date to file the instant Motion. Cameron filed its Motion for Summary Judgment last Tuesday, June 2, 2015, and none of the grounds in Plaintiff's Motion arose during the interim. Plaintiff's lack of diligence warrants denial of this Motion.

WHEREFORE, Cameron respectfully requests that the Court deny Plaintiff's Opposed Motion to Continue Motion for Summary Judgment Rule Dates.

        Respectfully submitted,

        *Drew B. Tipton*
        Drew B. Tipton
        Federal No. 18024
        Texas Bar No. 00791799
        811 Main Street, Suite 1100
        Houston, Texas 77002
        (713) 646-1348 Telephone
        (713) 751-1717 Facsimile

        **ATTORNEYS FOR CAMERON INTERNATIONAL CORPORATION**

Of Counsel

Baker Hostetler, LLP

# CERTIFICATE OF SERVICE

   I hereby certify that a copy of the above and foregoing pleading has been served upon all parties via ECF system and via U.S. mail, as listed below, this 5th day of June, 2015.

**Via E-Mail: gcmcg@mac.com**
Glenn Charles McGovern, Esq.
GLENN C. MCGOVERN, ATTORNEY AT LAW
P. O. Box 516
Metairie, LA 70004
**Counsel for Plaintiff**

**Via E-Mail: shardy@mcsalaw.com**
Sidney Jay Hardy
McCranie, Sistrunk
909 Poydras Street, Suite 1000
New Orleans, LA 70112
**Counsel for PMG, Inc.**

**Via E-Mail: bhauswirth@wfjlawfirm.com**
Bradley D. Hauswirth
Wagner, Falconer & Judd, Ltd.
1700 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
**Counsel for PMG, Inc.**

Billy Perez
185 Elaine Street
Morgan City, LA 70380
*Pro Se*

Matthew Arthur Sherman, Esq. (mas@chehardy.com)
Preston Lee Hayes, Esq. (plh@chehardy.com)
CHEHARDY, SHERMAN, ELLIS, MURRAY,
RECILE, GRIFFITH, STAKELUM & HAYES
One Galleria Blvd., Ste. 1100
Metairie, LA 70001
**Counsel for Scott Carrington**

              *Drew B. Tipton*
              Drew B. Tipton